UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18 CR 7 HEA |
| | ) |
| DARION JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**SECOND ORDER REGARDING PRETRIAL DETENTION**

Defendant Darion Johnson has moved a second time (Doc. 242) for reconsideration of the Detention Order issued on January 9, 2018 (Doc. 51) or, in the alternative, for a transfer of his custody.

Defendant Johnson was originally charged with three others by a complaint that was filed on December 21, 2017.  (Doc. 1.)  On December 27, 2018, a detention hearing was held on the motion of the United States.

Thereafter, defendant Johnson was charged by indictment, filed on January 3, 2018, with three other individuals with conspiracy to distribute methamphetamine from an unknown date to December 2017 (Count 1); possessing more than 50 grams of methamphetamine with the intent to distribute it on December 21, 2017 (Count 2); possessing 15 firearms on December 21, 2017, in furtherance of the Counts 1 and 2 drug trafficking crimes (Count 3); and possessing a firearm on December 21, 2017, after having been convicted of a felony offense (Count 5). (Doc. 37.)

On January 9, 2018, the undersigned issued a substantive detention order (Doc. 51).   On April 5, 2019, defendant Johnson filed a *pro se* motion for reconsideration of the detention order (Doc. 135).  The *pro* se motion was followed by a documentary motion for reconsideration by defendant's counsel (Doc. 136).   On April 19, 2019, a hearing was held on these motions and, on April 24, 2019, the Court denied the motions for relief from the detention order.   (Doc. 142.)

Thereafter, a superseding indictment was filed on August 8, 2019, charging defendant Johnson and four other individuals with the following offenses:  participating in a continuing series of criminal offenses as a member of the 27 Mac street gang, in violation of 18 U.S.C. §

521(d)(3) (Count 1); conspiring with the four co-defendants and others, from and before January 2017 to the date of the superseding indictment to traffic in actual methamphetamine, heroin, cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 2); conspiring with the four co-defendants and others to use and carry firearms in relation to and in furtherance of the alleged drug trafficking conspiracy, in violation of 18 U.S.C. § 924(o) (Count 3); with conspiracy to commit a drive-by shooting on July 9, 2017, in violation of 18 U.S.C. § 36 (Count 4); possessing an amount of methamphetamine with the intent to distribute it on December 21, 2017, in violation of 21 U.S.C. § 841(a)(1) (Count 11); unlawful possession of fifteen firearms on December 21, 2017, in furtherance of the Count 2 drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B) (Count 12); and unlawful possession of a firearm on December 21, 2017, in violation of 18 U.S.C. § 922(g) (Count 14).  (Doc. 177.)

In the motion for reconsideration of detention now before the Court, defendant Darion Johnson argues that he has been detained for over 22 months; he is willing to wear and ankle monitor and submit to home detention; between November and December 2017 he submitted to house arrest; and he is now free of detainers from other jurisdictions.  (Doc. 242 at 1-2.)  He also argues in the alternative for an order that he be moved by the United States Marshals Service from the Randolph County Jail, because he has been disciplined unfairly there, because he is very much limited in the ability to review the substantial amount of pretrial discovery produced by the government, because the conditions of confinement at that facility do not give him sufficient time outside his cell, the facility lacks adequate medical support, and it is difficult for his counsel to travel to the jail to confer with him and this limits defendant's ability to prepare a defense.  (Doc. 242.)

The Court considers that the findings and conclusions set forth in its Order filed April 24, 2019, denying the first motion for reconsideration (Doc. 142) remain relevant, especially in light of the new, very serious charges alleged against him in the superseding indictment.  In April of this year, the Court stated:

> The cardinal portion of the Detention Order is as follows:
>
> > Upon the record before it, the Court finds that defendant Johnson is 27 years of age.  He was born in St. Louis and is a lifelong resident of this area.  Defendant reported that he has resided with his parents since his release from incarceration in

2

> February 2017. His employment history is negligible. He is supported financially by his family. He reported he is in good physical health. His mother reported that he had been shot in both legs and suffers from migraines and a sleeping disorder. He reported he uses marijuana weekly and prescription opiates occasionally.
>
> Defendant Johnson has a substantial criminal record. He was convicted of three counts of first degree robbery in 2012. His sentence of incarceration was suspended. He was released on supervision on Counts 1 and 3. His release on Count 2 was revoked when he was charged with further criminal activity. Probation supervision ultimately was extended to September 2018. He has been arrested without conviction for several serious offenses. He was on state court probation supervision during the time the federal grand jury found probable cause to believe he committed the offenses charged in the indictment.
>
> The affidavit filed in support of the complaint and the information provided by the government to the Pretrial Services Office indicates defendant Johnson is an active, documented member of a local street gang that is heavily involved in methamphetamine and heroin trafficking and that is involved in a violent, deadly war with a rival street gang over drug distribution locations. When he was arrested, defendant Johnson, a convicted felon, was in the living room sleeping. Next to his hand was a handgun previously reported stolen.
>
> The police believe there is reason to believe that the four defendants believe a certain individual has cooperated with the police in the current investigation and that they would attempt retribution against him a second time.
>
> Considering this record, including Congress's concerns that persons charged with serious drug law offenses, whether or not the statutory presumption has been rebutted by defendant, the Court finds and concludes by clear and convincing evidence that the release of defendant DARION JOHNSON upon his own recognizance, an unsecured appearance bond, or any other condition or combination of conditions of release will not reasonably assure his appearance in court when required and will not reasonably protect the community from his continued drug trafficking and an attempt at retribution against an individual believed to be cooperating with law enforcement. 18 U.S.C. § 3142(b), (c). The federal grand jury found reasonable cause to believe defendant committed the alleged offenses. The nature of the charged offenses and the most substantial nature of the potential punishments upon conviction are great inducements for flight and the avoidance of conviction.

(Doc. 51 at 3-4.)

As the Court considered also in April of this year, the Bail Reform Act of 1984 provides the applicable standard for reconsidering a detention order:

3

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Defendant Johnson's argued circumstances do not persuade the Court that he ought to be released from federal pretrial custody. First, he is now detained for over 22 months. Previously, he argued that his 16 months in detention violated due process. For the reasons set forth in the prior order, this argument is without merit. *See Order Regarding Reconsideration of Detention,* Doc. 142 at 3-4.)

Second, he argues he successfully submitted to home detention with an ankle monitor in November and December 2017. The source of the information he cites is the Pretrial Services Officer's bail report in this case which states: "On December 22, 2017, this officer spoke with [the] MDOC Probation & Parole Officer [], who advised [the officer] plans to recommend the defendant's probation on case number 1222-CR04056 be revoked. [The Officer] advised the defendant was recently on Location Monitoring for 30 days due to non-compliance. [The Officer] advised he was removed from Location Monitoring on December 18, 2017, two days before he was arrested for the instant offense." (Doc. 19 at 4.) This factor existed at the time the Court originally considered whether to release or detain defendant. The quoted passage did not say that defendant completed the LMP requirement without incident. Even if that were true, it would not overcome the totality of the circumstances that call for detention, especially the new circumstances of the very serious new offenses charged against defendant in the superseding indictment.

Third, defendant argues he is free of outstanding detainers. On this point, he provided the Court with documentation that indicates that he had been charged by a state court grand jury indictment, charging similar serious offenses, but that the prosecutor summarily dismissed the case. This factor is not strong, because the state court grand jury found probable cause and the prosecutor did not state the reason for the dismissal.

For these reasons, the Court denies the motion for reconsideration of detention.

4

Alternatively, defendant's motion requests a change in the facility where he is currently detained. The District Court generally does not determine where the Marshals Service is to confine a defendant who is subject to a Detention Order. Defendant's allegations are not sufficient for the Court to deviate from this general rule.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendant Darion Johnson for reconsideration of his Detention Order or in the alternative for an order that he be transferred to another jail (Doc. 242) **is denied.**


                                                                              /s/   **David D. Noce**
                                                **UNITED STATES MAGISTRATE JUDGE**

Signed on November 20, 2019.